CHALKLEY LECONEY ET AL., PROSECUTORS, v. CENTER TOWNSHIP, IN THE COUNTY OF CAMDEN.

To warrant the making of an order for indemnifying a township, under section 23 of the Bastardy act (*Rev., p.* 70), notice of the relief sought should be given to the parties entitled to any residue of the fund in court, and due proof should be made of the facts entitling the township to indemnity.

On *certiorari* in matter of bastardy.

Argued at November Term, 1889, before Justices KNAPP and DIXON.

For the prosecutor, *Grey & Grey.*

For the township, *Alfred Hugg.*

The opinion of the court was delivered by

DIXON, J.   On August 14th, 1880, Chalkley Leconey, as the father of a bastard child, was ordered by the Camden County Quarter Sessions to pay to the overseer of Center township, in said county, $3 per week, for the maintenance of said child, so long as it should be chargeable to said township.   Afterwards the bond which Leconey had given for his appearance in the Sessions was prosecuted, and the amount of the penalty thereof, having been recovered from the surety, was paid into court.   On January 3d, 1885, a part of said amount was ordered by the court to be paid out to the township, to cover certain costs of litigation, the lying-in expenses, and the charges for maintenance of the child up to August 14th, 1880.

On May 22d, 1888, the residue of the said penalty, amounting to $876.03, was ordered by the court to be paid to the attorney of the township, towards meeting the expense of maintaining said child after August 14th, 1880.   This order was made without proof that any expense had been incurred

by the township for such maintenance, and without notice to the bondsmen, and, on this account, the latter now seek the reversal of said order by the present writ of *certiorari*.

Plainly, the order was erroneously made. The statutory warrant for such a proceeding is found in section 23 of the Bastardy act (*Rev., p.* 70), which enacts " that the court shall, from time to time, order the said moneys paid out to indemnify any township in the state that may have incurred, or which may thereafter incur, any cost or expense in the sustenance and support of the said bastard or of its mother, or by reason of any proceedings taken against the said father of such bastard ; if any residue remains, the court may direct it to be paid to the person, or his representatives, from whom the said penalty was levied and made." Under this section, two things are manifest—*first,* that there must be a judicial ascertainment of the fact that the township claiming indemnity has actually incurred some expense for the purposes indicated ; *second,* that a surety, who has paid in the penalty of his bond, and his principal, who is bound to reimburse him, are interested in this judicial ascertainment, which is to detract from the fund of which the residue belongs to them.

The general rule is, that in judicial tribunals facts can be ascertained only by evidence, and after notice given to those whose rights are involved in the adjudication to be made. *Vantilburgh* v. *Shann,* 4 *Zab.* 740; *Davis* v. *Howell,* 18 *Vroom* 280.

Before making the order of May 22d, 1888, Leconey and his surety should have been notified of the relief sought by the township, and due proof of the requisite facts should have been made. For want of such notice and proof, the order must be set aside.